UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT E. PETERSON,<br><br>                Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>                Respondent. | Case No. 1:15-cv-00486-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Robert Ervin Peterson's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted and that some are noncognizable. (Dkt. 13.) Petitioner has not responded to the Motion.[1]

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing Petitioner's claims with prejudice as procedurally defaulted.

---

[1] The Court granted Petitioner's motion for extension of time to respond, but that order was returned to the Court as undeliverable, and the time for responding to Respondent's Motion has now expired. (Dkt. 19, 20.) It appears that Petitioner was released from prison in 2016.

# BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 12.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Petitioner pleaded guilty in the Sixth Judicial District Court in Bannock County, Idaho, to four counts of possession of sexually exploitative material. He received an aggregate unified sentence of ten years in prison with sex years fixed. (State's Lodging B-6 at 1.) Petitioner filed a motion for reduction of sentence under Idaho Criminal Rule 35, which the trial court denied. (State's Lodging A-2, A-6 at 10.)

Petitioner appealed, arguing that the trial court abused its discretion in sentencing Petitioner and in denying the Rule 35 motion. (State's Lodging B-1, B-3.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-6, B-9.)

Petitioner later filed a second Rule 35 motion, arguing that he was not informed of his right, established in *Estrada v. State*, 149 P.3d 833 (Idaho 2006), to refuse to participate in the court-ordered psychosexual evaluation. (State's Lodging C-1 at 13-16.) Petitioner's motion was granted, and the trial court ordered a new sentencing hearing before a different judge. (*Id.* at 32-35.)

Before resentencing, Petitioner moved to disqualify the new judge. This motion was denied. (*Id.* at 37-40.) Petitioner also moved to withdraw his guilty pleas, asserting that the state violated the plea agreement, that Petitioner's trial counsel rendered

ineffective assistance, that the guilty pleas were invalid, and that Petitioner was actually innocent. (*Id*. at 52-53, 58-66.) This motion was denied after the resentencing hearing, and Petitioner was resentenced to an aggregate unified sentence of twenty years in prison with four years fixed. (*Id*. at 73-75.) Petitioner filed another Rule 35 motion, which was denied. (*Id*. at 89.)

Petitioner appealed, arguing that (1) the trial court should have allowed him to withdraw his guilty pleas because the plea was not knowing, intelligent, and voluntary, (2) the initial sentencing judge should not have elicited the first motion for disqualification from Petitioner, (3) the resentencing judge should have granted Petitioner's second motion to disqualify, and (4) Petitioner's due process rights were violated when resentencing resulted in a higher sentence. (State's Lodging D-1, D-3.)

The Idaho Court of Appeals held that the initial order vacating Petitioner's original sentence was void because the trial court lacked jurisdiction to enter it. (State's Lodging D-5 at 5.) The court of appeals reinstated Petitioner's original sentence, affirmed the denial of Petitioner's motion to withdraw his guilty plea, and held that all other issues were moot. (*Id*. at 5-7.) The Idaho Supreme Court denied review. (State's Lodging D-8.)

Petitioner later filed a petition for state post-conviction relief, raising numerous claims. (State's Lodging E-1 at 10-54.) Following an evidentiary hearing, the trial court dismissed the petition. (*Id*. at 229-35; State's Lodging E-3.) Petitioner appealed the dismissal, arguing—under Idaho state law—that (1) the trial court was required to make

findings of fact and conclusions of law after the evidentiary hearing, and (2) the state's motion for summary dismissal was untimely. (State's Lodging F-2, F-4.)

The Idaho Court of Appeals affirmed. The court declined to address Petitioner's arguments because Petitioner did not preserve the issues for appeal. (State's Lodging F-5 at 2-3.) The Idaho Supreme Court denied review. (State's Lodging F-8.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

> Claim 1: The trial court lacked jurisdiction because Petitioner was deprived of his state and federal constitutional rights to a speedy trial.
>
> Claim 2: The trial court lacked jurisdiction because of an "improperly waived preliminary hearing."
>
> Claim 3: The trial court lacked jurisdiction "due to the unconstitutional appointment of Judge McDermott."
>
> Claim 4: The trial court failed to comply with the requirements of Idaho Code § 19-2523.
>
> Claim 5: The prosecutor committed misconduct by breaching the plea agreement.
>
> Claim 6: The prosecutor committed misconduct by failing "to fully disclose [the] nature of [the] charge."
>
> Claim 7: The prosecutor committed misconduct by failing "to disclose fault of law."
>
> Claim 8: The charging statutes were unconstitutional.
>
> Claim 9: Petitioner was denied his Sixth Amendment right to the effective assistance of counsel based on trial counsel's failure "to invoke" Idaho Code § 19-811.

**MEMORANDUM DECISION AND ORDER - 4**

Claim 10: Petitioner's trial counsel rendered ineffective assistance by failing to move to suppress a search warrant.

Claim 11: Petitioner's trial counsel rendered ineffective assistance by failing to move to suppress Petitioner's statement to the Chubbuck Police Department.

Claim 12: Petitioner's trial counsel rendered ineffective assistance by failing to move to reduce the number of criminal charges.

Claim 13: Petitioner's trial counsel rendered ineffective assistance by failing "to be aware of and discuss with Petitioner elements of the charged crimes and prosecutorial burden of proof."

Claim 14: Petitioner's trial counsel rendered ineffective assistance by failing "to be aware of and challenge the constitutionality of the law."

Claim 15: Petitioner's trial counsel, along with other unidentified individuals, rendered ineffective assistance by failing "to be aware of the law re: psycho-sexual evaluation and to object to court's use of [the evaluation] at sentencing."

Claim 16: Petitioner's trial counsel, along with other unidentified individuals, rendered ineffective assistance by failing to advise Petitioner concerning presentence investigation reports.

Claim 17: Petitioner's trial counsel rendered ineffective assistance by failing to "seek effective treatment of Petitioner's mental health."

Claim 18: Petitioner's trial counsel rendered ineffective assistance by failing to conduct "any meaningful discovery as instructed to by Petitioner."

Claim 19: Petitioner's trial counsel rendered ineffective assistance by failing to "be prepared for and willing to go to trial and threatening to quit [the] case."

Claim 20: Petitioner's trial counsel rendered ineffective assistance by failing to move to reduce the number of criminal charges. This appears to be a restatement of Claim 12.

Claim 21: Petitioner's trial counsel rendered ineffective assistance by failing to object to the prosecutor's alleged breach of the plea agreement.

Claim 22: Petitioner's trial counsel rendered ineffective assistance by failing to notify Petitioner or the trial court of a continuing conflict of interest.

Claim 23: Petitioner's appellate counsel rendered ineffective assistance by failing to raise on appeal the issue of prosecutorial misconduct and breach of the plea agreement.

Claim 24: Petitioner's appellate counsel rendered ineffective assistance by failing to raise on appeal the issue of the unconstitutionality of the charging statutes.

Claim 25: Petitioner's appellate counsel rendered ineffective assistance by failing to raise on appeal the issue of "the unconstitutionality of the enhanced re-sentence of May 2008."

Claim 26: Petitioner's postconviction review counsel rendered ineffective assistance by failing to file an amended petition for state postconviction relief.

Claim 27: Petitioner's postconviction appellate counsel rendered ineffective assistance by failing to assert due process and equal protection arguments.

Claim 28: Petitioner received ineffective assistance of trial and appellate counsel based on the actions of 9 of his 10 attorneys, in that these attorneys allegedly only pretended to tell Petitioner the truth, and were incompetent to a degree that "stretchs [sic] the credulity of the American mind."

(Dkt. 3.)[2]

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 6 at 5.)

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that all of Petitioner's claims are procedurally defaulted. For the reasons that follow, the Court agrees.[3]

**1.     Standards of Law**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors

---

[2]     This Court previously construed the claims in this manner, and Petitioner has not objected to the that construction. (*See* Dkt. 6 at 2-5.)

[3]     The Court need not address Respondent's argument that some of Petitioner's claims are noncognizable.

at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts

have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

2. **Petitioner's Claims Are Procedurally Defaulted, and Petitioner Has Not Established a Legal Excuse for the Default**

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

On direct appeal after his initial sentencing, Petitioner raised only a state law claim that the trial court abused its discretion in sentencing Petitioner and in denying Petitioner's Rule 35 motion. He raised no federal claims in that appeal.

On appeal from Petitioner's resentencing, Petitioner argued that his guilty plea was not knowing, intelligent and voluntary, that the initial judge improperly elicited Petitioner's motion to disqualify, that the resentencing judge should have granted the

**MEMORANDUM DECISION AND ORDER - 9**

motion to disqualify, and that his due process rights were violated due to an increased sentence. However, Petitioner raises none of these claims in the instant Petition.[4]

On appeal from the dismissal of Petitioner's post-conviction petition, Petitioner made only state law arguments—which the Idaho Court of Appeals did not address because Petitioner had failed to preserve his objections in the state district court. Petitioner raised no federal claims in that appeal.

Petitioner did not fairly present any of his current federal habeas claims to the state courts. Therefore, because it is now too late to do so, all of the claims in the Petition are procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

The only way that a federal court can hear a procedurally defaulted claim is if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, Petitioner has not argued that either of these exceptions applies. Thus, Petitioner has not established an excuse for the default of his habeas claims.

## CONCLUSION

---

[4] In Claim 3, Petitioner argues that the appointment of the first judge was unconstitutional. However, this argument deals with the initial appointment of that judge—not the judge's actions with respect to the motion to disqualify. (Dkt. 3-1 at 4-6.)

**MEMORANDUM DECISION AND ORDER - 10**

All of the claims in the Petition are procedurally defaulted, and Petitioner has not established cause and prejudice, or actual innocence, to excuse that default. Therefore, the Court must dismiss this case with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Petition (Dkt. 3) is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: January 19, 2017

Edward J. Lodge
United States District Judge

**MEMORANDUM DECISION AND ORDER - 11**